IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID GRIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-192-PJC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Claimant, David Grim ("Grim"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Grim's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Grim appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Grim was not disabled. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, the current Acting Commissioner of the Social Security Administration, is substituted for Michael J. Astrue as Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Procedural History**

On December 28, 2006, Grim protectively filed applications seeking disability insurance benefits and supplemental security income benefits under Title II and Title XVI, 42 U.S.C. §§ 401 *et seq.* (R. 140-50). The applications were denied initially and on reconsideration. (R.84-91, 93-97). Two hearings before ALJ Charles Headrick were held August 26, 2008 and May 11, 2008, in Tulsa, Oklahoma. (R. 17-64). ALJ Headrick issued an unfavorable decision on June 29, 2009. (R. 6-16).

Grim appealed to this Court, and an Opinion and Order[2] was entered June 9, 2011, reversing and remanding the ALJ's 2009 decision. (R. 447-64). On remand, a third hearing was held, this time before ALJ Lantz McClain, on November 14, 2011. (R. 400-31). ALJ McClain again issued an unfavorable decision dated February 1, 2012. (R. 383-99). The 2012 decision of the ALJ after remand from the federal court is a final decision for purposes of this appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Review**

Social security hearings are subject to procedural due process considerations. *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005); *Allison v. Heckler,* 711 F.2d 145, 147 (10th Cir.1983) (citing *Richardson v. Perales,* 402 U.S. 389, 401-02, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). The regulations of the Social Security Administration state that ALJs are to "conduct a fair and impartial hearing." 20 C.F.R. § 405.1(a).

---

[2] Grim v. Astrue, Case No. 09-CV-677-TLW, Northern District of Oklahoma; Opinion and Order by T. Lane Wilson, United States Magistrate Judge, dated June 9, 2011, Dkt. #27.

At the 2011 hearing, ALJ McClain made several statements that clearly indicated that he believed he was obligated to issue a second unfavorable decision. (R. 404-10). ALJ McClain stated that the 2011 Opinion and Order obligated him to make the same conclusion that Grim was not disabled. *Id.*

The Court finds that the ALJ should not have interpreted the 2011 Opinion and Order as ordering him to come to the same conclusion that Grim was not disabled. Instead, the ALJ was ordered to give additional analysis to the opinion evidence in the case. (R. 463). The 2011 Opinion and Order did not state that Grim's case was one in which "[n]o reasonable factfinder could conclude otherwise" than a finding of nondisability. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005). If the Court had made that finding in the 2011 Opinion and Order, then the harmless error doctrine would have allowed the Court to affirm the ALJ's 2009 decision. The Court's 2011 Opinion and Order was one for remand for further proceedings and not one for a particular result. *See Sissom v. Colvin*, 2013 WL 765302 *6 (10th Cir.) (unpublished) (court ordered that ALJ make adequate findings on remand, but did not dictate result).

Under these unusual circumstances, it is clear that Grim on remand did not receive the fair and impartial hearing that is required by procedural due process and by the Social Security Administration's own regulations. Reversal is required here because the ALJ's failure to conduct a fair and impartial hearing on remand violated Grim's procedural due process rights.

Because the procedural due process issue requires reversal, the undersigned does not address the remaining contentions of Grim. On remand, the Commissioner should ensure that any new decision sufficiently addresses all issues raised by Grim.

3

This Court takes no position on the merits of Grim's disability claim, and "[no] particular result" is ordered on remand. *Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). This case is remanded only to assure that the correct legal standards are invoked in reaching a decision based on the facts of the case. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003), *citing Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

## Conclusion

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 7th day of June 2013.

_____
Paul J. Cleary
United States Magistrate Judge